UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| CommScope, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., Rosenberger Site Solutions, LLC, Rosenberger Technology LLC, Rosenberger USA Corp., Rosenberger Hochfrequenztechnik GmbH & Co. KG, Janet Javier, and Robert Cameron, <br><br> Defendants. | Civil Action No. 5:19-CV-00099 <br><br> **SEALING ORDER** |

This matter is before the Court on Defendants Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., and Rosenberger Technology LLC's (collectively, "Rosenberger") Unopposed Omnibus Motion to Seal pursuant to L. Civ. R. 6.1(c) (Doc. No. 26) (the "Motion"). The Motion seeks to seal certain materials in connection with (i) Plaintiff CommScope, Inc.'s ("Plaintiff") Complaint, and (ii) Plaintiff's Motion for Ex Parte Seizure (collectively, the "Identified Materials"):

### Findings of Fact

This Motion involves documents filed by Plaintiff in connection with claims of trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 et seq. ("DTSA") and the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. §§ 66-152 et seq.; unfair competition in violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C.

2

Gen. Stat. § 75-1.1; and breach of contract, tortious interference with contract and civil conspiracy under the common law of the State of North Carolina.

Rosenberger seeks to seal the Identified Materials, which contain it alleges contain sensitive, non-public business information. Specifically, the Identified Materials allegedly include (i) confidential business information of Rosenberger and/or its non-party customers; (ii) confidential business information that would result in competitive harm to Rosenberger and/or its non-party customers if disclosed; and (iii) confidential business information subject to non-disclosure agreements with non-party customers. Plaintiff does not oppose Rosenberger's Motion.

Having reviewed the Identified Materials, the Court finds that Rosenberger and its customers arguably may be injured if the confidential information therein were made public. Specifically, such disclosure could plausibly place Rosenberger and/or its customers at a competitive disadvantage in the marketplace by (i) revealing the marketing and negotiation strategies of Rosenberger and its customers to competitors, (ii) disclosing Rosenberger's internal, non-public information relating to its business processes, procedures, strategies, and pricing negotiations to its competitors and customers, (iii) disclosing confidential specifics concerning Rosenberger's base station antennas to its competitors, and (iv) disclosing confidential information concerning Rosenberger's customers' antenna specifications to their competitors.

In light of the sensitive nature of the Identified Materials and the potential injury to Rosenberger and Rosenberger's customers that might result from disclosure, the Court determines that any public interest in the confidential information is outweighed by the interests of Rosenberger and Rosenberger's customers in maintaining confidentiality.

The Court agrees with Rosenberger that there is no less restrictive alternative to protect Rosenberger's and Rosenberger's customers' confidential information. Rosenberger has agreed

to make the rest of the filings to date, in their entirety, available on the public docket. As to the Identified Materials, Rosenberger has proposed redactions where possible, and the remaining Identified Documents should be maintained under seal.

## Conclusions of Law

1. Rosenberger has demonstrated that good cause exists to grant its Omnibus Motion to Seal.

2. CommScope does not oppose Rosenberger's Omnibus Motion to Seal.

3. Rosenberger has shown that it has complied with the requirements of L. Civ. R. 6.1(c).

4. In light of the above findings of fact and conclusions of law, and there being no opposition to this motion, and for the reasons set forth herein this Court will grant Rosenberger's Unopposed Omnibus Motion to Seal.

## ORDER

Accordingly, it is hereby **ORDERED** that Rosenberger's Unopposed Omnibus Motion to Seal is **GRANTED**; and it is further **ORDERED** that the Clerk will maintain under seal, unredacted versions of each of the Identified Materials, except for those identified by Rosenberger as suitable for redaction.

Signed: April 20, 2020

Kenneth D. Bell
United States District Judge